**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

MICHAEL PORZIO,

      Plaintiff,

v.

COMPLETE SOLAR, INC.,

      Defendant.

Docket No.

1:23-cv-00108

## <u>AMENDED COMPLAINT</u>

COMES NOW Michael Porzio ("Mr. Porzio") and hereby amends his *Complaint* against Complete Solar, Inc. ("Complete Solar") to remove its limitations as to the amount in controversy and to submit to the removal jurisdiction of this Court as follows:

### THE PARTIES

1.      Mr. Porzio is a natural person and a resident of Columbia County, Georgia, where the contract that is the subject of this complaint was to be performed.

2.      Complete Solar is a business corporation organized and existing under the laws of California and has been served with process through its registered agent, INCORP SERVICES, INC., at its registered office of 9040 Roswell Road, Suite 500, Atlanta, Georgia 30350. Complete Solar is a distributor of solar power systems.

### JURISDICTION AND VENUE

3.      This Court has removal jurisdiction over the above-described parties and the causes of action pled below pursuant to 28 U.S.C.A. §§ 1332 (a) and 1441 (a) because the matter in

(1)

controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C.A. § 1441 (a) because this judicial district embraces the place where the removed action was pending.

## FACTUAL BACKGROUND

5.     On or about February 22, 2021, Mr. Porzio entered into a contract with Complete Solar for the purchase of a 21-kilowatt solar power system for a total price of $81,103.45. A copy of the contract is attached hereto as "Exhibit A" and incorporated herein by reference.

6.     Under the terms of the contract, the system was supposed to be installed at his residence and interconnected with the local utility grid no later than 210 days after the date of the contract.

7.     However, a 15-kilowatt solar power system - of significantly lesser value - was installed without his knowledge or consent, and the installed system was not interconnected with the local utility grid until in or about March of 2022 - over one year after the date of the contract - because the installation of the system repeatedly failed to pass the required inspection by the local authorities.

8.     Additionally, during the installation of the system, the roof of his residence was damaged and Complete Solar failed and refused to make the necessary repairs to the roof or to reimburse him for the same.

9.     Finally, after the system was finally interconnected to the local utility grid, the system became inoperable in or about October of 2022 and Complete Solar failed and refused to make the necessary repairs to the system or to reimburse him for the same.

## THE FIRST CAUSE OF ACTION:
### (Breach of Contract)

10.     Mr. Porzio incorporates the allegations set forth above in Paragraphs 1 through 9 as if fully set forth herein.

11.     Complete Solar breached its contract with Mr. Porzio in that it failed to install the bargained-for system, in that it failed to interconnect the installed system to the local utility grid within the bargained-for time, and in that the installed system is inoperable.

12.      Additionally, there is implied in every contract for work and/or services a requirement to perform it skillfully, carefully, diligently, and in a workmanlike manner. Complete Solar also breached its contract with Mr. Porzio in that it caused damage to the roof of his residence during the installation of the system.

13.     As a result of these breaches, Mr. Porzio has suffered damages and is owed judgment against Complete Solar in an amount that will be proven at trial.

14.     Additionally, as Complete Solar has acted in bad faith, has been stubbornly litigious, and has caused Mr. Porzio unnecessary trouble and expense, he is owed judgment against Complete Solar for his expenses of litigation, including his attorney's fees, in an amount that will be proven at trial pursuant to O.C.G.A. § 13-6-11.

## THE SECOND CAUSE OF ACTION:
### (Negligence)

15.     Mr. Porzio incorporates the allegations set forth above in Paragraphs 1 through 9 as if fully set forth herein.

16.     The law imposes upon those performing skilled services the duty to exercise a reasonable degree of care, skill, and ability, which is generally taken and considered to be the same

degree of care, skill, and ability as would ordinarily be employed by others of the same profession under similar conditions and like surrounding circumstances.

17.     Complete Solar breached its duty to Mr. Porzio in that it caused damage to the roof of his residence during the installation of the system.

18.     As a result of this breach, Mr. Porzio has suffered damages and is owed judgment against Complete Solar in an amount that will be proven at trial.

19.     Additionally, as Complete Solar has acted in bad faith, has been stubbornly litigious, and has caused Mr. Porzio unnecessary trouble and expense, he is owed judgment against Complete Solar for his expenses of litigation, including his attorney's fees, in an amount that will be proven at trial pursuant to O.C.G.A. § 13-6-11.

### THE THIRD CAUSE OF ACTION:
### (Fair Business Practices Act)

20.     Mr. Porzio incorporates the allegations set forth above in Paragraphs 1 through 9 as if fully set forth herein.

21.     Complete Solar intentionally engaged in an unfair and deceptive act in the conduct of its consumer transaction with Mr. Porzio by representing that it was selling him a 21-kilowatt solar power system when it was actually selling him a 15-kilowatt solar power system at the price of a 21-kilowatt solar power system.

22.     As a result of this act, Mr. Porzio has suffered damages and is owed judgment against Complete Solar in an amount that will be proven at trial.

23.     Additionally, as Complete Solar has acted in bad faith, has been stubbornly litigious, and has caused Mr. Porzio unnecessary trouble and expense, he is owed judgment against Complete

(4)

Solar for his expenses of litigation, including his attorney's fees, in an amount that will be proven at trial pursuant to O.C.G.A. §§ 13-6-11 and 10-1-399 (d).

WHEREFORE, Mr. Porzio prays that he have judgment against Complete Solar for all damages suffered by him in an amount that will be proven at trial; that he have judgment against Complete Solar for his expenses of litigation, including his attorney's fees, in an amount that will be proven at trial; that he have a trial by a jury of twelve (12) jurors on all causes of action set forth herein; and, that he have such further and additional relief that this Court deems equitable and just.

Respectfully submitted, this 10th day of August, 2023.

/s/ J. Andrew Tisdale
J. Andrew Tisdale
Georgia Bar No. 712955
/s/ P. Simon P. Williams
P. Simon P. Williams
Georgia Bar No. 414049
*Attorneys for Plaintiff*

Tisdale Middleton & Land Law Firm
207 North Belair Road
Evans, Georgia 30809
(706) 869-1348
andy@tisdalelawfirm.com
simon@tisdalelawfirm.com

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing *Amended Complaint* upon the

following person(s) via this Court's electronic-filing system:

Marcol David Harvey
mharvey@grsm.com

and upon the following person(s) via certified mail:

Attorney General Chris Carr
Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334

on this 10th day of August, 2023.

/s/ P. Simon P. Williams
P. Simon P. Williams
Georgia Bar No. 414049
*Attorney for Plaintiff*

Tisdale Middleton & Land Law Firm
207 North Belair Road
Evans, Georgia 30809
(706) 869-1348
simon@tisdalelawfirm.com